*Staff Comment:* This is a new rule. It recognizes the circuit court's ability to utilize community resources in resolving disputes under the Child Custody Act.

*Staff Comments:* The staff comments are published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

> Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered, and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on this proposal may be sent to the Supreme Court Clerk within 90 days after it is published in the Michigan Bar Journal. When filing a comment, please refer to our file number 88-32.

*Leave to Appeal From Attorney Discipline Board Denied January 31, 1992:*

GRIEVANCE ADMINISTRATOR v ADAMS, No. 92028. The stay granted pursuant to MCR 9.122(C) is to remain in effect until twenty-one days after the effective date of this order.

*Complaint for Superintending Control Granted February 5, 1992:*

*In re* PEOPLE v BOWES (WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGE), No. 92453. The Court of Appeals, in a published opinion, has concluded that the 1988 amendment of MCL 763.3; MSA 28.856 ". . . did not destroy a vested or substantive right of defendant." *People v Dobben,* 187 Mich App 462, 469 (1991). The trial judge has disregarded Court of Appeals precedent in this regard. The Supreme Court directs the trial judge, unless this question is resolved by this Court in a manner inconsistent with the result arrived at in the Court of Appeals decision in *Dobben, supra,* to abide by that ruling. The matter is remanded to the Recorder's Court for further proceedings consistent with this order. Jurisdiction is not retained.

*Complaint for Superintending Control Granted in Part February 14, 1992:*

MOORE v COURT OF APPEALS, No. 92144. The Supreme Court authorizes the trial court judge, upon a showing of the necessity therefor, to permit the taking of depositions of specifically named individuals

in conjunction with the proceedings attendant to the motion for a new trial. In all other respects superintending control is denied. The motion for oral argument is denied as moot. Jurisdiction is not retained.

BRICKLEY, J. I do not join in the order of the Court inasmuch as I think that an ad hoc substantive grant of authority in a matter pending before the trial court is an inappropriate exercise of this Court's authority.

I would treat the complaint for superintending control as a calendar case for the purpose of inviting briefs and oral argument on the question whether or not the trial court was correct in concluding that it did not have the authority under the Michigan Court Rules to grant to a party in a criminal case an order to conduct discovery.

BOYLE, J. I join in the order on the understanding that the decision whether to permit the taking of depositions is for the trial judge to make as is the determination regarding whether an adequate justification is made.